**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 25, 2007[*]
Decided September 18, 2007

*Before*

Honorable FRANK H. EASTERBROOK, *Chief Judge*

Honorable RICHARD A. POSNER, *Circuit Judge*

Honorable ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4272

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Appeal from the United States |
| *Plaintiff-Appellee,* | ) | District Court for the Southern |
| | ) | District of Indiana, |
| | ) | Indianapolis Division |
| *v.* | ) | |
| | ) | No. 04 CR 203 |
| JAMES D. GILBERT, | ) | |
| | ) | Hon. Larry J. McKinney, *Chief Judge* |
| *Defendant-Appellant.* | ) | |

## O R D E R

Appellant James D. Gilbert was convicted of possessing a firearm in interstate commerce following a conviction for a felony offense, *see* 18 U.S.C. §

---

[*] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this successive appeal was submitted to the panel of judges that disposed of the Gilbert's prior appeal. *See United States v. Gilbert*, 464 F.3d 674 (7th Cir. 2006).

922(g)(1), and was originally sentenced to a term of 235 months in prison. On September 19, 2006, this court, on concluding that Gilbert's prior Indiana conviction for criminal confinement did not constitute a violent felony such that Gilbert could be sentenced as a career offender, vacated his sentence and remanded for resentencing. *United States v. Gilbert*, 464 F.3d 674 (7th Cir. 2006). On November 30, 2006, the district court ordered Gilbert to serve a prison term of 120 months (the maximum term authorized by 18 U.S.C. § 924(a)(2)), to be followed by a three-year period of supervised release.

Gilbert has again appealed. However, his counsel has concluded that Gilbert has no issues of arguable merit to pursue at this juncture and that the instant appeal is therefore frivolous. Counsel has filed a brief documenting his position and seeks leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400 (1967). Counsel has identified and discussed the issues that Gilbert might raise in the instant appeal and concluded that he has no non-frivolous argument to make with respect to any such issue. The *Anders* brief is adequate on its face. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). Consequently, we confine our consideration to the potential issues that counsel has flagged, together with the issues that Gilbert himself has raised pursuant to our Circuit Rule 51(b) request that he respond to his counsel's motion to withdraw and *Anders* brief. *See United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996).

Counsel correctly concludes at the outset that any issues relating to Gilbert's conviction would lie outside the boundaries of this appeal. The time to raise such issues was at the first appeal. At the conclusion of that appeal, we remanded this case to the district court solely for the purpose of re-sentencing. 464 F.3d at 682. On remand, the district court properly confined itself to that task, *see United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002), and nothing that the court did or said when it re-sentenced Gilbert opened the door to appealing anything other than his new sentence.

Counsel next considers whether Gilbert reasonably could challenge the enhancement to his sentencing level pursuant to section 2K2.1(b)(5) of the U.S. Sentencing Guidelines. As relevant here, that provision calls for a four-level enhancement if the defendant possessed a firearm in connection with another felony offense. Based on the crack cocaine that was found in Gilbert's possession at the time of his arrest, the district court found, at the recommendation of the probation officer, that Gilbert had committed another felony offense (possession of a controlled substance) and that his possession of the firearm was connected to that offense. Gilbert objected to the enhancement on remand, denying that he possessed cocaine at the time of his arrest. There is a threshold question as to whether Gilbert may have forfeited (if not waived) this objection by failing to make it at the time of his

original sentencing.  *See United States v. Lowell*, 256 F.3d 463, 464 (7th Cir. 2001); *United States v. Wilson*, 131 F.3d 1250, 1253-54 (7th Cir. 1997).  However, setting that problem aside, the record reveals no reasonable ground on which Gilbert might challenge the enhancement.  One of the officers who arrested Gilbert, Officer Bolling, testified at trial that he found a baggie in Gilbert's shoe containing a rock-like substance that appeared to be crack cocaine. Bolling's colleague, Officer Walters, confirmed this discovery in his own testimony.  The district judge credited this testimony in applying the enhancement.  Re-sentencing Tr. at 6 ("the truth is reflected in the Guideline calculation").   We can discern no plausible basis for overturning the district court's credibility-based, factual finding.  *See, e.g., United States v. Durham*, 211 F.3d 437, 445 (7th Cir. 2000) ("'arguments which simply urge a reassessment of a district court's credibility determinations are wasted on an appellate court'") (quoting *United States v. House*, 110 F.3d 1281, 1286 (7th Cir. 1997)).

Finally, counsel considers whether Gilbert could challenge the reasonableness of his sentence.  *See United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).  Although the Sentencing Guidelines called for a sentence in the range of 140 to 175 months, because the statute permitted a sentence no longer than 120 months, a 120-month term became the advisory Guidelines sentence.  U.S.S.G. § 5G1.1(a).  That was the sentence that the district court imposed, and as it is the sentence recommended by the Guidelines, it is entitled to a presumption of reasonableness in this court.  *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  In sentencing Gilbert to that term, the district court properly considered the full range of sentencing factors set forth in 18 U.S.C. § 3553(a).  The court noted, among other things, that Gilbert had a substantial criminal record and, in fact, committed the instant offense less than two years after he completed a sentence for a prior offense.  Given that Gilbert's prior sentences had not succeeded in ceasing his criminal conduct, the court noted that a substantial sentence was necessary both to deter him from committing further crimes and to protect the public.  We have no basis on which to conclude that the district court's considered decision to impose the sentence called for by the Guidelines was unreasonable.  *See United States v. Gammicchia*, No. 06-3325, — F.3d —, 2007 WL 2265134, at * 1 (7th Cir. Aug. 9, 2007) ("It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down.") (quoting *United States v. Gonzalez-Gomez*, 469 F.3d 1109, 1110 (7th Cir. 2006) (emphasis in original)); *see also id.* at *1 (a challenge to a within-Guidelines sentence will be in vain in most cases; counsel should file *Anders* brief "rather than waste the court's time on a lost cause").

Gilbert, in his pro se response to the *Anders* brief, "contends that his 120

month sentence is unreasonable because the four (4) points enhancement [pursuant to Guidelines section 2K2.1(b)(5)] deprived the sentencing court of an opportunity of selecting a sentence within the guideline range of 100-125 months," which is what the range would have been without the four-level enhancement. Gilbert Response to *Anders* Br. at 2. To the extent this is meant to be a challenge to the enhancement itself, it is frivolous for the reasons already discussed. To the extent Gilbert means to argue that the enhancement somehow precluded the court from considering an even shorter sentence than the 120-month term it imposed, this contention too is frivolous. After *Booker*, the Guidelines are advisory, so nothing about the recommended Guidelines range constrained the court's ability to consider any sentence, so long as it fell between the minimum and maximum terms specified by Congress. The district court plainly understood this.

Finally, when he filed his response, Gilbert suggested that the Supreme Court's then-forthcoming decisions in *Rita v. United States*, 127 S. Ct. 2456 (2007) and *Claiborne v. United States*, 127 S. Ct. 2245 (2007) (per curiam), might have an impact on his sentence. As it turns out, they do not. *Rita* holds that a court of appeals may apply a presumption of reasonableness to a sentence that falls within the properly-calculated Guidelines range. *Rita* thus endorses the approach that this court has been following in the wake of *Booker*. *See United States v. Sachsenmaier*, 491 F.3d 680, 684-85 (7th Cir. 2007). *Claiborne* was resolved on the ground of mootness following the petitioner's death. In any event, the question presented in *Claiborne* was whether a sentence that lies outside of the advisory Guidelines range must be justified by extraordinary circumstances. The Court will now address that question in *Gall v. United States*, No. 06-7949, which will be argued on October 2, 2007. The sentences selected by the district courts in both *Claiborne* and *Gall* were substantially below the floor of the recommended Guidelines range. That is obviously not true in Gilbert's case. Here, as we have discussed, because the statutory maximum term was below the floor of the Guidelines range (140 months), the statutory maximum term of 120 months became the Guidelines sentence, *see* U.S.S.G. § 5G1.1(a), and that is precisely the sentence that the district court imposed. The district court understood that it had the power to impose an even lower sentence, and it considered whether to do so in light of the section 3553(a) sentencing factors. However, it concluded that a shorter term was not warranted. *Rita* answered the relevant question, which is whether we may presume that the within-Guidelines sentence is reasonable.

For all of these reasons, we conclude that Gilbert's appeal is legally frivolous. We therefore GRANT his counsel's request to withdraw and DISMISS the appeal.