NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007
Decided December 14, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3277

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04-CR-682-7 |
| LEONARDO ANGULO, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

Leonardo Angulo was charged with conspiring to possess and distribute cocaine and marijuana, *see* 21 U.S.C. §§ 846, 841(a)(1), and using a cellular phone to commit a drug felony, *see* § 843(b). He agreed to plead guilty to the conspiracy in exchange for the dismissal of the other count. As part of the written plea agreement, the parties stipulated to a total offense level of 38 and a criminal history category of I, though both numbers were made contingent on the probation officer's later investigation and the district court's approval. The government also promised to recommend a prison sentence at the statutory minimum or the bottom of the guidelines range, whichever was higher. The parties disagreed, however, concerning Angulo's eligibility for a mitigating-role adjustment under U.S.S.G. § 3B1.2.

Later during the presentence investigation, the probation officer learned that Angulo had been convicted in California of transporting cocaine, putting him in criminal history category II. The probation officer also determined that Angulo played an average role in the drug-trafficking ring, and thus should not receive an reduction under § 3B1.2. The resulting total offense level of 38 combined with his criminal history category of II yielded a guidelines imprisonment range of 151 to 188 months.

At sentencing Angulo objected to the probation officer's calculation of his criminal history points, arguing that the plea agreement constituted a binding promise that he would receive zero criminal history points. Angulo also argued that his criminal history score overstated the likelihood that he would commit other crimes and that a prison term of nine years, more than three years below the guidelines range, would be appropriate. The district court disagreed and sentenced Angulo to 151 months. The court observed that Angulo's prior conviction together with his long-time involvement with his coconspirators supported a within-guidelines sentence.

Angulo appeals, but his appointed lawyer has moved to withdraw because he cannot discern any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). We invited Angulo to comment on counsel's submission, *see* Cir. R. 51(b), but he has not responded. We review only those potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel initially informs us that Angulo does not wish to challenge his guilty plea, and so he properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Instead, counsel first considers whether Angulo could argue that the district court erred in calculating the advisory guidelines range. Specifically, counsel asks whether Angulo could argue that the court's consideration of his prior conviction was foreclosed by the plea agreement. But as counsel correctly observes, the plea agreement did not guarantee that Angulo would receive zero criminal history points—instead, the agreement expressly provided that the parties' calculations were contingent upon the probation officer's independent investigation and the district court's approval. *See* U.S.S.G. § 6B1.4(d); *see also United States v. Williams*, 198 F.3d 988, 994 (7th Cir. 1999); *United States v. Mankiewicz*, 122 F.3d 399, 403 n.1 (7th Cir. 1997). Indeed, the agreement spells out that the stipulation concerning Angulo's criminal history category was premised "on the facts known to the government," and Angulo was not free to withhold relevant information and then later cry foul. *See Williams*, 198 F.3d at 994 (observing that sentencing judge should rely on information in

presentence report where parties' stipulations are inaccurate or incomplete). Accordingly, counsel correctly concludes that pursuing this argument would be frivolous.

Counsel next considers whether Angulo could challenge the reasonableness of his prison sentence. We presume that a sentence within a correctly calculated guidelines range is reasonable. *United States v. Rita*, 127 S.Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The standard for assessing reasonableness is whether the district court gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Counsel asks whether Angulo could argue that the district court should have sentenced him below the guidelines range on the ground that his criminal history points overstate the likelihood that he will commit other crimes. *See* U.S.S.G. § 4A1.3(b); *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006). But after weighing Angulo's past drug distribution, the scope and severity of his present crime, and the impact of drugs on society, the district court reasonably concluded that Angulo's history as a drug dealer make him a likely recidivist. *See Wurzinger*, 467 F.3d at 654. Counsel has been unable to identify any reason that this case might be the exception to *Rita*'s presumption of reasonableness, nor on this record can we. *See United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007). We thus agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.