NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 11, 2008
Decided June 17, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2235

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-177-S-01 |
| RONALD R. SHANKEY, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Ronald Shankey, a veteran of the United States Army, pleaded guilty to possessing child pornography. *See* 18 U.S.C. § 2252(a)(4)(B). The district court sentenced him to 108 months' imprisonment. On appeal, Shankey argues that this sentence is unreasonably high because, he asserts, the court failed to consider his distinguished career in the military. Because the sentence is reasonable, we affirm.

In September 2006 Shankey's wife found a stash of sexually explicit photographs of young girls and DVDs containing similar photographs in a bedroom in her home. Believing

these items belonged to her husband—he had been investigated in 2005 for allegedly distributing child pornography—she reported him to the FBI. Agents searched the Shankeys' home pursuant to a search warrant and turned up 1,047 images of child pornography on DVDs and on Shankey's computer. A search of Shankey's computer also revealed that he had sent e-mail containing child pornography.

Shankey was indicted for possessing and distributing child pornography, *see* 18 U.S.C. § 2252(a)(4)(b), (a)(2). He pleaded guilty, pursuant to a plea agreement, to the possession charge, which carries a statutory maximum sentence of 10 years' imprisonment, *see* 18 U.S.C. § 2252(a)(2), (b)(2); the government dismissed the charge of distributing child pornography. The probation officer determined that Shankey's offense level was 33 and that his criminal history category was I, resulting in a guidelines range of 97 to 120 months in prison. The probation officer also reported that Shankey had served in the Army for 20 years and, in 2004, received an honorable discharge. While in the Army, Shankey served in Operation Desert Storm and received numerous awards and honors, including two bronze stars, a meritorious service medal, a commendation medal, a drill sergeant of the year award, and a soldier of the year award.

At sentencing the district court accepted the probation officer's guidelines calculations. The court then invited counsel to present arguments as to the appropriate sentence. Shankey's attorney argued for a sentence at the low end of the guidelines range. He first emphasized Shankey's distinguished military career. In particular, he noted that Shankey had been a respected drill instructor and that he had been named soldier of the year. Counsel then pointed out that many of Shankey's problems stemmed from his abuse of alcohol, but that even before he was indicted, Shankey had pursued treatment for his addiction. He said that Shankey understood the gravity of his crime, had shown remorse, and, as demonstrated by his distinguished military service, possessed the commitment and discipline to turn his life around.

The government's lawyer simply asked for a sentence within the guidelines range. The prosecutor pointed out that in 2005 Shankey had been investigated for distributing child pornography, and instead of using that experience as a wake-up call, Shankey actually appeared to increase his use and distribution of child pornography. However, she also credited Shankey with voluntarily entering a treatment program for alcohol abuse.

The district court then announced the sentence. The court began by acknowledging that Shankey "did serve in the military for 20 years where he received various awards and honors." It then noted that Shankey abused alcohol, a problem that worsened after he retired from the military and culminated in a conviction for driving under the influence. The court also noted the 2005 investigation of Shankey's use of child pornography, that he

once attempted to fondle a child while drunk, and that he had ignored earlier pleas to seek help. The court emphasized that children pictured in pornographic photographs are victimized each time the photographs are viewed and that the possession and viewing of child pornography encourages the further victimization of children. Additionally, the court took into account the number and nature of the photographs found. The court concluded that a 108-month term of imprisonment—a sentence in the middle of the guidelines range—and a lifetime of supervised release would adequately protect the community and deter Shankey from future exploitation of children. Finally, at the close of sentencing the court remarked:

> Having been a member of the Army Corps of Engineers for almost 10 years . . . I do believe that [Shankey] is a blot on the service rather than the award winner that he is heralded as being today.

On appeal, Shankey makes only one argument: that his sentence is unreasonably high because, he says, the district court refused to consider his distinguished military career. He insists that the court's statement at sentencing that "I do believe that he is a blot on the service rather than the award winner that he is heralded as being today" constitutes a clearly erroneous finding that Shankey's achievements were "non-existent." According to Shankey, the court had an obligation to acknowledge his achievements and explain why they did not entitle him to a lower sentence.

We review sentences for reasonableness, *see United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007), and presume that a sentence within the properly calculated guidelines range is reasonable, *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). To rebut this presumption a defendant bears the burden of showing that the sentence imposed is unreasonable. *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006).

Shankey's argument hinges on a misapprehension of the district court's statements. Shankey asserts that the district court made a factual finding that he did not have an accomplished military career. But a court's statements at sentencing generally are "observations and assessments" on which the court bases its analysis of the 18 U.S.C. § 3553(a) factors; they are not factual findings. *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1107 (7th Cir. 2006). Here the court's statement that Shankey was "a blot on the service " was merely an observation about Shankey's character and an assessment of his crime; it was not a factual finding. In any event the court opened its discussion by acknowledging Shankey's distinguished military career: the court's later observation did not reflect its disbelief that Shankey earned his military honors, but rather its

disappointment that his subsequent criminal behavior overshadowed his distinguished military record.

Despite Shankey's attempt to frame his argument as an attack on the district court's characterization of his military service, his complaint fundamentally is that the court did not give enough weight to his past accomplishments. Although a sentencing court must consider the relevant § 3553(a) factors and related arguments of the parties, it is not required to accept a defendant's assessment of how the factors weigh in the balance. *See United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007); *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006). And we will not reverse a sentence just because a defendant disagrees with the district court's assessment of the relevant factors. *See United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006). The district court appropriately considered Shankey's military record against the gravity of his offense and the other § 3553(a) factors. *See United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007). It did not give Shankey's accomplishments the weight that he urged, but his disagreement with the court's assessment does not demonstrate that the court failed to consider them or that his sentence is unreasonable. *See United States v. Haskins*, 511 F.3d 688, 696 (7th Cir. 2007); *Laufle*, 433 F.3d at 988.

AFFIRMED.