NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 8, 2011
Decided December 16, 2011

Before

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*[*]

No. 11-1636

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Southern |
| | District of Indiana, Indianapolis |
| v. | Division. |
| JUAN A. CORONA-GONZALEZ | |
| also known as JUAN RAMON | No. 1:08-cr-00034-DFH-KPF-1 |
| RAMIREZ, | |
| *Defendant-Appellnat.* | **David F. Hamilton**, *Judge*. |

O R D E R

Mr. Corona-Gonzalez was convicted by a jury of knowingly possessing with intent to distribute, and distributing, 500 grams or more of a mixture or a substance containing a detectable amount of methamphetamine (Counts I and II), in violation of 21 U.S.C. §

---

[*] This appeal is successive to *United States v. Corona-Gonzalez*, 628 F.3d 336 (7th Cir. 2010). Circuit Judge Evans, who died on August 10, 2011, was a member of the panel that heard that earlier case. Judge Tinder has been substituted for Judge Evans in this present successive appeal.

841(a)(1), and knowingly possessing a firearm during and in furtherance of a drug trafficking offense (Count III), in violation of 18 U.S.C. § 924(c).  The district court sentenced him to 240 months' imprisonment on each of Counts I and II, to run concurrently, and 60 months' imprisonment on Count III, to be served consecutively, for a total of 300 months' imprisonment.  In addition, the court imposed a term of five years of supervised release.

Mr. Corona-Gonzalez appealed his sentence, and, on appeal, we determined that the district court had misapprehended a significant aspect of Mr. Corona-Gonzalez's record at the time it imposed the sentence.  We therefore reversed the judgment of the district court and remanded the case for the limited purpose of permitting the district court to determine whether it would have imposed a different sentence had it not been under the misapprehension that Mr. Corona-Gonzalez had been deported previously from the United States and returned illegally.

On remand, the district court addressed its mistaken impression regarding Mr. Corona-Gonzalez's background and acknowledged its affect on the imposition of his original sentence.  The court complied with our instruction and carefully reexamined Mr. Corona-Gonzalez's sentence in light of the fact that he had not been deported previously and returned illegally to the United States to deal drugs.  In reevaluating Mr. Corona-Gonzalez's background, the court concluded that, based upon the nature of Mr. Corona-Gonzalez's prior offenses, a criminal history category of III was "a little high."  Sent. Tr. at 11.   The court, acting within its discretion under section 4A1.3 of the United States Sentencing Guidelines, found it more appropriate to treat Mr. Corona-Gonzalez as if he were in a criminal history category of II, which corresponded to a guidelines range of 110 to 262 months for Counts I and II.  The court accordingly lowered Mr. Corona-Gonzalez's sentence to 228 months' imprisonment on each of Counts I and II, to run concurrently.  Additionally, the court maintained the imposition of a term of five years of supervised release on each count, to run concurrently.  The statutory mandatory minimum of 60 months' imprisonment on Count III also was not affected, resulting in a total of 288 months' imprisonment.  The court therefore ultimately reduced Mr. Corona-Gonzalez's sentence from 25 years to 24 years.

Nevertheless, Mr. Corona-Gonzalez now appeals his new sentence.  His appointed counsel, unable to discern a nonfrivolous ground for appeal, has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Mr. Corona-Gonzalez has not responded to counsel's motion.  *See* Cir. R. 51(b).  We therefore limit our review to the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Counsel first considers whether the district court committed any significant procedural error in resentencing Mr. Corona-Gonzalez. A district court commits a significant procedural error in sentencing when it "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the guidelines calculation was not at issue on remand as it was not affected by the court's factual misapprehension. Further, in treating Mr. Corona-Gonzalez as if he were in a criminal history category of II, the court demonstrated a full understanding of its discretionary authority to grant a downward departure under section 4A1.3 of the Guidelines. The court also explicitly corrected its earlier reliance upon the clearly erroneous fact that Mr. Corona-Gonzalez previously had been deported and returned illegally to the United States. Finally, we agree with counsel that the district court properly considered the sentencing criteria set forth in 18 U.S.C. § 3553(a) and provided an adequate explanation for the sentence it imposed.

Next, counsel considers whether Mr. Corona-Gonzalez's new, lower sentence is substantively unreasonable. As stated previously, we agree with counsel that the district court gave meaningful consideration to the § 3553(a) factors. Furthermore, it is well-established that a sentence within the guidelines range is presumed to be reasonable. *See United States v. Alden*, 527 F.3d 653, 662 (7th Cir. 2008). This presumption may be overcome "only in an unusual case." *United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007). We therefore conclude that, because the district court deemed it appropriate to exercise its discretion in granting Mr. Corona-Gonzalez a downward departure under section 4A1.3 and sentenced him below his accurate guidelines range, any argument that Mr. Corona-Gonzalez's new sentence is substantively unreasonable would be frivolous. *See, e.g., United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) (stating that "[i]t is hard to conceive of below-range sentences that would be unreasonably high").

Counsel also examines whether the district court considered factors outside the scope of remand. An appellate court may order a complete resentencing, or limit the scope of the remand to specific issues. *See United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005). Although "[t]here is no formula" for determining the scope of a remand, "a district court's power on remand is determined by the language" of the appellate court's order. *Id.* at 831. Here, we clearly limited the scope of our remand to the district court, instructing the court to reconsider the sentence it imposed "free of the factual misapprehension" that Mr. Corona-Gonzalez previously had been removed from the United States and reentered to deal drugs. *United States v. Corona-Gonzalez*, 628 F.3d 336, 343 (7th Cir. 2010). We further clarified that "[o]ther aspects of the original sentencing procedure are not subject to reopening or reconsideration." *Id.* Our review of the sentencing transcript confirms that the

district court clearly understood the scope of the remand.  The court explicitly acknowledged that its previous misapprehension regarding Mr. Corona-Gonzalez's background made the argument for lowering his criminal history category unpersuasive in the first instance.  The court took care to revisit Mr. Corona-Gonzalez's argument regarding the nature of his criminal history in light of the fact that he had not been deported previously and ultimately reduced Mr. Corona-Gonzalez's sentence from 25 years to 24 years.  The court explained that it felt that "the one year adjustment [wa]s sufficient to reflect the changes in my thinking based on the correction of the factual mistake."  Sent. Tr. at 13.

Although, as counsel points out, the district court did note that, at the initial sentencing hearing, it "did not really focus . . . on the fact that Mr. Corona-Gonzalez had children in the car when he was traveling armed to deliver methamphetamine," *id.* at 4, there is nothing in the sentencing transcript that indicates that the court relied upon this fact in resentencing Mr. Corona-Gonzalez.  The court clearly outlined the reasons for the sentence it imposed on remand and, in doing so, did not mention that Mr. Corona-Gonzalez had children in the car.  We therefore agree with counsel that any argument that the district court exceeded the scope of remand would be frivolous.

Finally, counsel notes that, in this case, any potential ineffective assistance of counsel claim should not be raised on this direct appeal.  Counsel is correct that "[w]e generally discourage appellants from bringing ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Fuller*, 312 F.3d 287, 291 (7th Cir. 2002).  Although it may be appropriate to bring such a claim on direct appeal in those instances when current counsel's prior performance is not being challenged and when the record is developed sufficiently to allow for meaningful review, here, those criteria are not met. *See id.* Furthermore, this court has stated that "only the rarest and most patently egregious of ineffective assistance claims are appropriately brought on direct appeal." *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005).  After conducting our own independent review of the record, we believe that, at this point in time, any ineffective assistance of counsel claim would be frivolous.

Accordingly, counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.