NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014
Decided October 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3903

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:12CR00091-001 |
| JOSE GONZALES-CHAVEZ, *Defendant-Appellant.* | Sarah Evans Barker, *Judge.* |

## O R D E R

On two occasions in 2012, Jose Gonzales-Chavez and a codefendant sold methamphetamine to an undercover police officer. Gonzales-Chavez pleaded guilty to a single count alleging that he conspired to possess at least 50 grams of methamphetamine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). That quantity would mandate at least 10 years' imprisonment, *id.* § 841(b)(1)(A)(viii), and during the plea colloquy Gonzales-Chavez admitted that the conspiracy had involved nearly 67 grams of actual methamphetamine. After adjusting for the statutory minimum, the district court calculated a guidelines' imprisonment range of 120 to 135

months based on a total offense level of 30 and criminal-history category of II. The court sentenced Gonzales-Chavez to 132 months.

Gonzales-Chavez filed a notice of appeal, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Gonzales-Chavez opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus the additional issues that Gonzales-Chavez, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Gonzales-Chavez does not wish to challenge his guilty plea, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel also advises that he reviewed the district court's application of the sentencing guidelines but did not identify even a potential claim of error. So the only conceivable appellate claim, says counsel, is whether Gonzales-Chavez could challenge the reasonableness of his 132-month prison term.

That within-guidelines sentence is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013). Counsel considers, but correctly rejects as frivolous, a possible argument that the presumption falls away because Gonzales-Chavez's codefendant also pleaded guilty to the conspiracy charge but was sentenced only to 120 months. Codefendants commonly receive different sentences even when they are convicted of the same crime. *See United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007). The statutory minimum for both defendants was 120 months, *see* 21 U.S.C. § 841(b)(1)(A), but, unlike Gonzales-Chavez, his codefendant had no criminal history. In sentencing Gonzales-Chavez, a Mexican citizen who was in the United States illegally after previously being removed, the district court properly took into account his criminal history—a prior felony drug conviction—as well as his continuing disregard for immigration laws. *See* 18 U.S.C. § 3553(a)(1), (2).

In his Rule 51(b) response, Gonzales-Chavez proposes arguing that the government "did not offer evidence to justify the mandatory 10 year charge." True,

when the drug quantity triggers a statutory minimum sentence, the weight must be alleged in the indictment and either admitted or proved to the finder of fact beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Gonzales-Chavez's indictment alleges that the weight of the methamphetamine was at least 50 grams, and his admission during the plea colloquy to an even larger quantity was better than a judge or jury's finding beyond a reasonable doubt. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002). Thus his proposed appellate claim would be frivolous.

Last, Gonzales-Chavez suggests that his lawyer's performance has been deficient, both in the district court and in this court. Any claim of ineffective assistance, however, is best reserved for collateral review where a record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). That is especially so when a defendant is represented on appeal by the lawyer whose performance is challenged as inadequate. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.