# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4572

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JODI FILIPIAK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05-CR-192—**Charles N. Clevert, Jr.**, *Judge.*

ARGUED SEPTEMBER 12, 2006—DECIDED OCTOBER 20, 2006

Before ROVNER, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Jodi Filipiak stole over $2.5 million from her employer by diverting funds from its bank account to her own use. When caught, she paid back the documented losses and pleaded guilty to federal bank fraud charges. In keeping with the government's recommendation, the district court sentenced her to 24 months—well below the advisory guideline range of 33 to 41 months. Filipiak appeals claiming that her sentence is unreasonable.

An information filed in July 2005 charged Filipiak with defrauding a bank by writing an unauthorized check for $289,041 on the account of her employer, Fiduciary Real Estate Development, Inc. (FRED), depositing the check into

her own account, and using the funds to purchase real property for herself. Filipiak promptly pleaded guilty to the information and stipulated in her plea agreement that her conduct was part of an ongoing series of thefts: As Director of Accounting and Administration for FRED from 1995 to 2003, Filipiak was authorized to make wire transfers of FRED funds and write checks on FRED accounts. Around 1997 she began diverting FRED funds by, among other things, depositing checks payable to FRED into her own accounts, writing FRED checks to herself, and transferring funds from FRED checking accounts into her own personal accounts. The total amount diverted exceeded $2.5 million. Filipiak used the funds to, among other things, pay her credit-card bills and taxes, give herself an unauthorized bonus, purchase land, make investments, loan money to her ex-husband, and treat a friend to a fishing trip.

At sentencing (which spanned two days) the district court calculated a guidelines imprisonment range of 33 to 41 months based on a total offense level of 20 and a criminal history category of I. All agree that the computation was correct. As promised in the plea agreement, however, the government recommended a below-range sentence of 24 months because Filipiak's "pre-charging payment of restitution to the victim" showed an "extraordinary acceptance of responsibility." The government took this position notwithstanding the fact that the president of FRED was unsure whether the full scope of Filipiak's fraud was detected. The president maintained that "every time the defendant was confronted, she would tell them there was not anything else and they found more." After acknowledging the advisory nature of the guidelines and considering the sentencing factors in 18 U.S.C. § 3553(a), the district court accepted the government's recommendation and sentenced Filipiak to 24 months plus three years of supervised release and a fine of $20,000.

Filipiak now argues that the sentence she received is unreasonable because "there are extenuating mitigating circumstances that should have required the court to impose a sentence that was less than twenty-four (24) months." She insists without elaboration that the court did not fully consider her payment of restitution before she was charged, or the fact that she does not have educational or vocational deficits that might be addressed in prison, or her lack of a criminal record. Filipiak also contends that the district judge did not consider her "pro-social lifestyle" (whatever in the world that means) in fashioning her sentence.

Filipiak misunderstands the nature of a district court's discretion after *United States v. Booker*, 543 U.S. 220 (2005). A sentencing court must now consider a defendant's arguments that factors enumerated in 18 U.S.C. § 3553(a) warrant a sentence below the guidelines range, but it is not compelled to *accept* those arguments. *See United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006); *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005). A sentence within a properly calculated guidelines range is presumed to be reasonable, *see United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and we have said that "[i]t is hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Moreover, a defendant cannot complain on appeal that her sentence should have been reduced based upon § 3553(a) factors that were never brought to the attention of the district court. *See Mykytiuk*, 415 F.3d at 608 (defendant has burden to rebut presumptively reasonable guideline sentence by drawing district court's attention to 18 U.S.C. § 3553(a) factors); *United States v. Cunningham*, 429 F.3d 673, 675 (7th Cir 2005). In this case it is impossible to tell what Filipiak argued on the first day of the sentencing hearing because a transcript from that

day is not in the record. But we do have a transcript from the second day, and there Filipiak offered no persuasive reasons why a sentence of less than 24 months was warranted.

In any event, the district judge (Hon. Charles N. Clevert, Jr.) explicitly addressed the very points Filipiak says were not adequately considered—her precharge payment of restitution, her education and professional training, and her lack of a criminal record. The judge acknowledged that Filipiak "did return monies that were believed to have been lost or stolen." The judge further stated that Filipiak is a bright woman who graduated at the top of her high school class, showed remorse for her actions, and had no criminal history. But the judge also wisely recognized that these and several other factors were not wholly in Filipiak's favor. As to restitution, Filipiak still had a net worth of $1.4 million at the time of sentencing, and the judge observed that she may have been able to make restitution precisely because she profited from investing the very funds she pilfered from her employer. Moreover, the judge noted the belief of FRED's president that Filipiak was not completely truthful about the total amount of money she stole and the fact that she damaged the company's reputation. Further, the judge observed that Filipiak's abuse of her employer's trust was not a one-shot deal as it extended over several years.

Filipiak's unreasonableness argument is completely without merit. But another point is worth making. As she emphasizes in her summary of argument, Filipiak's principal contention is that the sentencing court "did not give the Defendant-Appellant enough of a downward departure [an outdated term post-*Booker*] based upon the upfront payment of restitution." The assumption she makes—an assumption the government also promoted in the plea agreement—is that her precharge payment of restitution warranted *any* reduction below the guidelines range. That assumption is, at best, questionable. Before *Booker* we held

that voluntarily paying restitution before an adjudication of guilt generally was not a valid basis for departing below the guidelines range because the Sentencing Commission already gave weight to efforts of that sort when it fashioned a guideline reduction for acceptance of responsibility. *United States v. Bean*, 18 F.3d 1367, 1369 (7th Cir. 1994); *see* U.S.S.G. § 3E1.1 cmt. n.1(c) (identifying the "voluntary payment of restitution prior to adjudication of guilt" as one factor that might signal a defendant's acceptance of responsibility). After *Booker*, "departures" are "obsolete," *United States v. Johnson,* 427 F.3d 423, 426 (7th Cir. 2005), but pre-*Booker* departure decisions still offer guidance. Other courts allowed for departures based on the payment of restitution only in *extraordinary* situations, and here there was nothing extraordinary about Filipiak's effort to reimburse FRED with readily available funds. Indeed, Filipiak told the probation officer that most of what she repaid came directly from the proceeds of her thefts. *Cf. United States v. Kim*, 364 F.3d 1235, 1245 (11th Cir. 2004) (holding that restitution was extraordinary where defendants used life savings and undertook significant debt to return what they took plus interest); *United States v. Oligmueller*, 198 F.3d 669, 672 (8th Cir. 1999) (holding that restitution could be extraordinary where defendant made pre-indictment restitution, worked sixteen-hour days to ensure assets sold for the highest value, gave up his home and life insurance policy to return money owed to bank). Under the circumstances here, the validity of an even greater reduction below the advisory guidelines range for Ms. Filipiak would have been on less than solid footing.

For these reasons, the judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*