NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2007
Decided May 16, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3402

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

　　　　　　*v.*

HECTOR RIOS,
　　*Defendant-Appellant.*

Appeal from the United States
District Court for the Northern
District of Illinois, Eastern Division

No. 05 CR 385

James F. Holderman,
*Chief Judge.*

**O R D E R**

Hector Rios pleaded guilty in a written agreement to distributing 53.4 grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1). The presentence report concluded that Rios had distributed an additional 851 grams of crack. The district court accepted this finding, calculated Rios's guidelines imprisonment range at 151 to 188 months, and then sentenced him to 151 months. Rios filed a notice of appeal, but his appointed lawyers now move to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous argument for appeal. Their brief is facially adequate, and Rios has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We therefore review only the potential issues that his lawyers have identified. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997)(per curiam).

His lawyers first consider whether there are any nonfrivolous issues to be raised regarding Rios's conviction. But they correctly note that "an unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea," *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) (internal quotations and citation omitted). Accordingly the only issue with regard to the conviction that could be raised on appeal would be whether Rios knowingly and voluntarily entered the plea. But the attorneys represent that Rios does not wish to set his plea aside, and they therefore appropriately avoid any discussion about the adequacy of the plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Rios's lawyers next consider whether he could challenge his sentence as unreasonable. They recognize, however, that a sentence like Rios's which falls within a properly calculated guidelines range is presumed reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). They note that the Supreme Court has recently granted a writ of certiorari to consider whether affording a presumption of reasonableness to a sentence within the guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754), but conclude that even if the presumption did not apply, any challenge to the reasonableness of Rios's sentence would be frivolous. The attorneys conclude that the district court considered the factors in 18 U.S.C. § 3553(a), and "Rios did not present a compelling reason for a below-the[-]guideline sentence." (Appellant's Brief at 17.)

We agree with counsel's analysis. A sentencing court need not recite the § 3553(a) factors in a "checklist fashion." *United States v. Farris,* 448 F.3d 965, 969 (7th Cir. 2006) (internal quotations and citation omitted). "It is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors." *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). The sentencing court here meaningfully considered the § 3553(a) factors before deciding that a sentence at the low end of the guidelines range was appropriate. For instance, the court considered Rios's personal history and characteristics, 18 U.S.C. § 3553(a)(1), noting that he did not have a lengthy criminal history and had "never been incarcerated." However, the court also considered the seriousness of Rios's offense, *id.* at § 3353(a)(2)(A); the need to deter criminal conduct, *id.* at § 3553(a)(2)(B); and the need to protect the public, *id.* at § 3553(a)(2)(C): "the only way that we can protect the public from further crimes and provide an adequate deterrence and appropriately reflect the seriousness of this type of an offense on society" is to evaluate each case independently under § 3553(a), which for Rios dictated "a substantial amount of time." (R. 46-4 at 38-39.)

And sentencing courts need consider only serious arguments for imposing a sentence below the guidelines. See *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1111 (7th Cir. 2006). Rios argued that he should receive a below-guidelines sentence because he is young (27 years old), blind in one eye, of "short stature," and has a supportive family to keep him out of trouble. None of these, however, are compelling reasons for a below-guidelines sentence. After *Booker*, downward departures are "obsolete." *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006) (internal quotations and citation omitted). But even pre-*Booker* decisions, which continue to offer guidance, *see id.*, generally did not recognize departures for bases such as age, *see* U.S.S.G. § 5H1.1, p.s.; *United States v. Mallon*, 345 F.3d 943, 948 (7th Cir. 2003) (under guidelines age is not a basis for departure unless defendant is "elderly and infirm"), blindness, *see* U.S.S.G. § 5H1.4, p.s.; *United States v. Martinez-Guerrero*, 987 F.2d 618, 621 (9th Cir. 1993) (legal blindness not an "extraordinary physical impairment"), physical stature, *see United States v. Krilich*, 257 F.3d 689, 693 (7th Cir. 2001) ("[p]hysical condition or appearance, including physique, is not ordinarily relevant" in granting downward departure), and family ties, *see* U.S.S.G. § 5H1.6, p.s.; *United States v. Hernandez*, 325 F.3d 811, 816 (7th Cir. 2003). Thus, as Rios's attorneys conclude, any reasonableness argument concerning his sentence would be frivolous.

Therefore, the motion to withdraw is GRANTED, and the appeal is DISMISSED.