NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2007
Decided November 2, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1316

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-880 |
| KUNTA HUGHES, *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

A wiretap led to the seizure of 86 grams of crack cocaine and a pistol from the residence of Kunta Hughes. He was charged with several drug offenses but pleaded guilty to a single conspiracy count, see 21 U.S.C. §§ 846, 841(a)(1), in exchange for dismissal of the other counts. The district court sentenced him to 210 months in prison, well below the sentencing guidelines recommendation of 262 to 337 months. Hughes filed a notice of appeal, but his appointed lawyers now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Hughes has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief and Hughes's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In their *Anders* brief, counsel first consider whether Hughes might challenge the voluntariness of his guilty plea. After consulting with Hughes, see *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel contemplate arguing that Hughes's former lawyer coerced his guilty plea by promising that he would be sentenced to no more than 120 months' imprisonment, the statutory minimum given the amount of crack involved in the conspiracy. See 21 U.S.C. § 841(b)(1)(A). As counsel observe, because Hughes did not object at sentencing, our review would be limited to a search for plain error. See *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). Here there would be no basis to find error, let alone plain error. Nothing in the record suggests that former counsel or anyone else told Hughes that his sentence would be capped at 120 months. Indeed, Hughes told the district court under oath that no one had promised him anything in return for his guilty plea, and he added that he discussed with his attorney the application of the sentencing guidelines to his case. More importantly, Hughes assured the court that he understood he could be sentenced to life imprisonment. Hughes's sworn statements are presumed to be truthful. *Schuh*, 289 F.3d at 975. Accordingly, we agree with counsel that the proposed argument would be frivolous on this record. If Hughes has evidence that his counsel misled him, he can file a collateral action that will allow for expansion of the record. See *United States v. Wilson*, 481 F.3d 475, 485 (7th Cir. 2007).

Apart from the guilty plea, counsel also have considered whether Hughes might have a nonfrivolous argument concerning the calculation of the guidelines range or the reasonableness of the prison term imposed. Counsel have set out in detail the steps taken by the district court in applying the guidelines, but the only possible errors they identify are the court's use of an older version of the guidelines and its assessment of a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the conspiracy. We agree with counsel that both contentions would be frivolous. The court should have cited the guidelines manual in effect when Hughes was sentenced, not the version in effect when he committed the offense. See U.S.S.G. § 1B1.11(a); *United States v. Baretz*, 411 F.3d 867, 874 (7th Cir. 2005). But as counsel recognize, the choice between the two versions is irrelevant in this particular case because the pertinent guidelines are the same in each. As far as the weapon adjustment, moreover, the court overruled Hughes's objection and assessed the two levels because the officers who executed the search warrant at Hughes's residence discovered his .40-caliber pistol in close proximity to the drugs and he told them afterward that he was about to grab the gun and "blast" them until he realized they were police officers. That evidence provided ample foundation for the court to conclude that a connection between the gun and the drugs was not clearly improbable. See U.S.S.G. § 2D1.1 cmt. n.3; *United States v. Cashman*, 216 F.3d 582, 588 (7th Cir. 2000); *United States v. Grimm*, 170 F.3d 760, 767 (7th Cir. 1999); *United States v. Garcia*, 925 F.2d 170, 174 (7th Cir. 1991).

As to the reasonableness of Hughes's 210-month prison term, here again we agree with counsel that any challenge would be frivolous. The district court selected that sentence after commenting on a number of the factors discussed by both parties, including the seriousness of the crime and the fact that Hughes's "job" was selling drugs, his criminal history, the presence of a gun, his stable family circumstances, and the sentence his codefendant received. See 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B), (2)(C), (4)(A), (6). The sentence imposed is four years less than the low end of the guidelines range, and as we said in *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), it is difficult to conceive of a sentence being unreasonably high when it is below the guidelines range.

In his Rule 51(b) response, Hughes proposes two other arguments, both of them frivolous. Hughes would contend that *United States v. Booker*, 543 U.S. 220 (2005), requires sentencing factors under the guidelines to be found by a jury on proof beyond a reasonable doubt, but we have rejected that contention innumerable times. See, *e.g.*, *United States v. Van Waeyenberghe*, 481 F.3d 951, 960 (7th Cir. 2007); *United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006). Hughes also contends that his below-range prison sentence is unreasonable because of the differing base offense levels for like amounts of crack and powder cocaine, a difference that the Sentencing Commission has once again undertaken to reduce with an amendment proposed to take effect on November 1, 2007. U.S. Sentencing Comm'n, Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective Nov. 1, 2007, 72 Fed. Reg. 28558 (May 21, 2007). But Hughes never asked the district court to reduce his sentence further because of the perceived disparity between sentences for offenses involving crack and powder cocaine, and we have explained that a defendant cannot complain on appeal that his sentence should have been lower on account of factors under 18 U.S.C. § 3553(a) that never were disclosed to the sentencing court. *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Moreover, the Sentencing Commission's proposed amendment is just that—a proposal—and the Commission has yet to decide whether the amendment will be made retroactive even if Congress permits it to take effect. See U.S. Sentencing Comm'n, Request for Public Comment, 72 Fed. Reg. 41794 (July 31, 2007); see also U.S.S.G. § 1B1.11. If the proposed amendment takes effect and is made retroactive, Hughes may file a motion to reduce his sentence. See 18 U.S.C. § 3582(c)(2); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED and his appeal is DISMISSED.