NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 30, 2008
Decided  February 22, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2105

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 CR 393-2 |
| WILFREDO CASTRO-OSPITIA, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Wilfredo Castro-Ospitia pleaded guilty to conspiring to possess heroin with intent to distribute.  *See* 21 U.S.C. §§ 846, 841(a)(1).  During the plea colloquy he admitted that the conspiracy involved between one and three kilograms of heroin, which triggered a statutory minimum sentence of 10 years.  *See id.* § 841(b)(1)(A).  The district court calculated a guidelines imprisonment range of 120 to 135 months, and sentenced Castro-Ospitia to 130 months.  On appeal Castro-Ospitia argues that his sentence is unreasonable because, he insists, the district court failed to take into account

the poor health of his wife and son, his limited criminal history, and his cooperation with the government.  We affirm.

Castro-Ospitia was involved in a scheme to import approximately 2.5 kilograms of heroin from Colombia to the United States.  Unfortunately for him, two of his purported cohorts actually were confidential informants for the government.  Castro-Ospitia was indicted for conspiring to import heroin, 21 U.S.C. §§ 963, 960(a)(1); conspiring to possess heroin with intent to distribute, *id.* §§ 846, 841(a)(1); and attempting to possess heroin with intent to distribute, *id*. §§ 846, 841(a)(1).  He pleaded guilty to a single count of conspiring to possess heroin with intent to distribute, ostensibly without a plea agreement.  The district court accepted the guilty plea.  During the plea colloquy the government asserted that Castro-Ospitia was an organizer or leader of the conspiracy.  At the time Castro-Ospitia disputed this characterization, but he conceded the point before sentencing.

At the sentencing hearing the parties agreed that the base offense level was 32 and that Castro-Ospitia was subject to a 2-level upward adjustment as an organizer or leader of the conspiracy, and a 3-level reduction for acceptance of responsibility.  The district court determined, and the parties agreed, that due to the statutory minimum, the guidelines imprisonment range effectively was 120 to 135 months.  The court then invited argument concerning the appropriate sentence.  Defense counsel started by representing to the court that Castro-Ospitia's wife and son suffered from depression, and that the Castro-Ospitia's 17-month pretrial detention had been "devastating" for the child.  Counsel, though, introduced no evidence to support these factual assertions.  Counsel also emphasized that, other than a traffic offense, the heroin charge was Castro-Ospitia's first run-in with authorities.  Counsel then pointed out that, if Castro-Ospitia had not been an organizer or leader of the conspiracy, the safety valve, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, would have made him eligible for a sentence below the statutory minimum.  Finally, counsel told the court that Castro-Ospitia had "cooperated" in the government's investigation by participating in three proffer sessions and giving a detailed account of his involvement in the conspiracy.  Counsel acknowledged, however, that Castro-Ospitia's information did not help the government because the co-conspirators he named already had been arrested before his proffers.  Nonetheless, counsel urged the court to take into account Castro-Ospitia's purported cooperation.  Counsel proposed a term at the statutory minimum.  The prosecutor argued for a term higher in the range.  He observed that Castro-Ospitia's crime was serious, but acknowledged that his statements to authorities were truthful, if not helpful.

The district court sentenced Castro-Ospitia to 130 months.  The court explained that it arrived at the sentence after taking into account the factors under 18 U.S.C. § 3553(a) and the arguments presented at the hearing and in writing.  The court addressed and rejected Castro-Ospitia's arguments for a shorter sentence, concluding that his placement in Category I adequately accounted for his minimal criminal history, that the hardship his family will suffer during his incarceration had to be balanced against his extensive involvement in the conspiracy and the large amount of drugs involved, and that his purported cooperation had been factored into the downward adjustment for acceptance of responsibility.  The court also noted that Castro-Ospitia had asked forgiveness from the court and his family, but countered that the drug trade causes serious harm.  The court concluded that its choice of sentence was "just punishment," and was "sufficiently severe" to deter Castro-Ospitia and others and to protect the public.

Castro-Ospitia argues that his prison sentence is unreasonable because, he contends, the court imposed it without meaningfully considering the § 3553(a) factors and instead provided only a "rote"explanation for the sentence.  Specifically, he argues that the court ignored the hardship his confinement will cause to his family, his limited criminal history, and his purported cooperation with the government.

In exercising its sentencing discretion, the district court need only consider the relevant § 3553(a) factors and related arguments of the parties.  *See United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007); *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006).  The district court must entertain, but is not required to accept, a defendant's serious arguments in favor of a lower sentence.  *Filipiak*, 466 F.3d at 583.  If the district court sentences a defendant within the properly calculated guidelines range, we presume the sentence is reasonable.  *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  To rebut this presumption, a defendant bears the burden of showing that the sentence imposed is unreasonable.  *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006).  We will not reverse just because a defendant disagrees with the district court's assessment of the relevant factors.  *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006).

Castro-Ospitia describes the district court's explanation for its sentence as a "rote statement" that is insufficient to show that the court gave proper consideration to the § 3553(a) factors and to Castro-Ospitia's arguments.  Although the district court's

discussion of its rationale is brief, it is more substantial than Castro-Ospitia's characterization implies, and it is sufficient to assure us that the district court weighed the 3553(a) factors, and heard and considered, but rejected, Castro-Ospitia's arguments.

The district court explicitly said that it was considering all of the § 3553(a) factors. It later noted the seriousness of Castro-Ospitia's offense and reasoned that the sentence would serve the purposes of just punishment, deterrence, and protection of the public. The court also addressed each of Castro-Ospitia's arguments. The court took into account Castro-Ospitia's limited criminal history but suggested that this factor was encompassed in his criminal history score, observing that he "has one prior arrest and his criminal history is one." The court next acknowledged that Castro-Ospitia's imprisonment will cause family hardship, but balanced this factor against his extensive involvement in the conspiracy. There is nothing extraordinary about Castro-Ospitia's argument that his imprisonment will harm his family. We have observed that, because it is expected that a family will suffer when one of its members is imprisoned, family circumstances generally are not relevant to a district court's choice of sentence. *See United States v. Jaderany*, 221 F.3d 989, 996 (7th Cir. 2000); *see also* U.S.S.G. § 5H1.6. Although *United States v. Booker*, 543 U.S. 220 (2005), gave district courts wide sentencing discretion, a reason for a lower sentence that was irrelevant before *Booker* is still a bad reason after *Booker*. *See United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

Castro-Ospitia's primary contention is that the district court failed to take into account his argument that his purported cooperation with the government entitled him to a lower sentence. But Castro-Ospitia's purported cooperation was not nearly great enough to compel the district court to shorten his sentence. *See Laufle*, 433 F.3d at 988. Castro-Ospitia did not enter into a plea agreement that required him to cooperate with the government. Instead, he debriefed the government about the conspiracy in the hopes that he would become eligible for the safety valve. His leadership role in the conspiracy doomed his attempt to get a sentence below the statutory minimum, and nothing required the district court to give him credit for his purported cooperation anyway. And Castro-Ospitia did not even cooperate as completely as he contends. He continued to deny the full extent of his role in leading and organizing the conspiracy until just before sentencing. In the presentence investigation report, prepared less than two months before sentencing, the probation officer reports that Castro-Ospitia had not then admitted his leadership role. Castro-Ospitia's reluctance to acknowledge his role early in the proceedings belies his contention now that he was fully cooperative with the government.

In any event, the district court's discussion shows that it considered the argument and rejected it. Although the court's explanation is short, it suggested that Castro-Ospitia's purported cooperation was already factored into the three-point reduction in his offense level that he received for accepting responsibility for his actions. He was not entitled to more. *See Laufle*, 433 F.3d at 988.

The district court appropriately considered Castro-Ospitia's arguments against the gravity of his offense and the other § 3553(a) factors. *See United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007). The court did not give Castro-Ospitia's arguments the weight that he urged, but his disagreement with the court's assessment does not demonstrate that the court failed to consider them or that his sentence is unreasonable. *United States v. Haskins*, 511 F.3d 688, 696 (7th Cir. 2007); *Laufle*, 433 F.3d at 988. Moreover, we recently considered arguments nearly identical to those Castro-Ospitia advances here and observed they are "nothing more than stock arguments" that "a sentencing court is certainly free to reject without discussion." *United States v. Tahzib*, No. 07-2481, 2008 WL 151136, at *3 (7th Cir. Jan. 17, 2008). So, in addressing each of Castro-Ospitia's "stock arguments," the district court did more than was required.

The district court provided a sufficient explanation for the within-guidelines sentence it imposed, and Castro-Ospitia has not rebutted the presumption that his sentence is reasonable. Accordingly, we AFFIRM the sentence.