UNITED STATES of America, Plaintiff–Appellee,

v.

Hector RIOS, Defendant–Appellant.

No. 06–3402.

United States Court of Appeals, Seventh Circuit.

May 5, 2008.

M. David Weisman, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Hector Rios, Glenville, WV, pro se.

Before WILLIAM J. BAUER, Circuit Judge, KENNETH F. RIPPLE, Circuit Judge, and DIANE S. SYKES, Circuit Judge.

## ORDER

Hector Rios pleaded guilty to distributing crack cocaine. *See* 21 U.S.C. 846, 841(a)(1).The district court sentenced Rios to 151 months' imprisonment based in part on the 100:1 guidelines ratio that leads to substantially harsher sentences for distributing crack relative to powder cocaine. *See* U.S.S.G. § 2D1.1(c). Rios appealed and we appointed counsel, but then granted counsel's motion to withdraw under *An-*

*ders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when counsel was unable to discern a nonfrivolous basis for the appeal. *See United States v. Rios,* 224 Fed.Appx. 529 (7th Cir.2007). The Supreme Court granted Rios's petition for a writ of certiorari, vacated our order, and remanded the case to us for reconsideration in light of *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which held that sentencing courts are free to consider the disparity in guidelines sentences between offenses involving crack and powder cocaine. *See Rios v. United States,* —— U.S. ——, 128 S.Ct. 876, 169 L.Ed.2d 717 (2008).

Rios did not suggest at sentencing that the 100:1 crack-to-powder ratio resulted in an unreasonably high sentence under 18 U.S.C. § 3553(a), but he did challenge the government's contention that the drugs involved were crack. Because there is no logical reason to dispute the identity of the drugs apart from avoiding the higher guidelines range for crack offenses, Rios's challenge is sufficient to preserve the issue of whether the district court could consider the 100:1 ratio at sentencing. *See United States v. Padilla,* 520 F.3d 766, 774 (7th Cir.2008). The district court said nothing on the issue and we cannot infer from its silence that it would have imposed the same sentence had it known the ratio was not mandatory. *See id.*

We therefore VACATE Rios's sentence and REMAND the case to the district court for resentencing in light of *Kimbrough.*