NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

May 5, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 06-3402

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 385 |
| HECTOR RIOS, *Defendant-Appellant.* | James F. Holderman, *Chief Judge.* |

**O R D E R**

Hector Rios pleaded guilty to distributing crack cocaine.  *See* 21 U.S.C. 846, 841(a)(1). The district court sentenced Rios to 151 months' imprisonment based in part on the 100:1 guidelines ratio that leads to substantially harsher sentences for distributing crack relative to powder cocaine.  *See* U.S.S.G. § 2D1.1(c).  Rios appealed and we appointed counsel, but then granted counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), when counsel was unable to discern a nonfrivolous basis for the appeal. *See United States v. Rios*, 224 F. App'x 529 (7th Cir. 2007).  The Supreme Court granted Rios's petition for a writ of certiorari, vacated our order, and remanded the case to us for reconsideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which held that sentencing courts are free to consider the

disparity in guidelines sentences between offenses involving crack and powder cocaine.  *See Rios v. United States*, 128 S. Ct. 876 (2008).

Rios did not suggest at sentencing that the 100:1 crack-to-powder ratio resulted in an unreasonably high sentence under 18 U.S.C. § 3553(a), but he did challenge the government's contention that the drugs involved were crack.  Because there is no logical reason to dispute the identity of the drugs apart from avoiding the higher guidelines range for crack offenses, Rios's challenge is sufficient to preserve the issue of whether the district court could consider the 100:1 ratio at sentencing.  *See United States v. Padilla*, No. 06-4370, slip op. at 14 (7th Cir. Mar. 31, 2008).  The district court said nothing on the issue and we cannot infer from its silence that it would have imposed the same sentence had it known the ratio was not mandatory.  *See id.*

We therefore VACATE Rios's sentence and REMAND the case to the district court for resentencing in light of *Kimbrough*.