**UNITED STATES of America**

v.

**Harry QUIAH, Appellant.**

**No. 08–3266.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) June 26, 2009.

Filed: July 8, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Joseph R. Donahue, Esq., Brickfield & Donahue, River Edge, NJ, for Appellant.

Before: BARRY, SMITH, Circuit Judges and DuBOIS, District Judge.*

OPINION

SMITH, Circuit Judge.

Appellant Harry Quiah challenges his term of imprisonment on several grounds. Between August and September 2006, Quiah participated in two drug transactions involving cocaine base, also known as crack cocaine, and the sale of three weapons with ammunition. The Government charged

* The Honorable Jan E. DuBois, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Quiah with one count of possession with intent to distribute five grams or more of crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2, and one count of possession of a firearm and ammunition after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g)(1). Quiah pleaded guilty to the charges, pursuant to a plea agreement, on January 25, 2008.

Quiah was sentenced on July 28, 2008. The District Court calculated his offense level as thirty-one [1] and his criminal history category as category II. The Sentencing Guideline range for individuals with this offense level and criminal history category is 121 to 151 months. After hearing argument for downward departures and variances, the District Court sentenced Quiah to a 120-month term of imprisonment.

Quiah contends the District Court erred in several regards when it sentenced him.[2] First, he argues that the disparity between sentences for those convicted of cocaine base and cocaine powder violates the Fifth Amendment Due Process Clause. In *Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), the Supreme Court indicated that a due process challenge to a criminal punishment authorized by statute "essentially duplicates" an equal protection challenge. *Id.* at 465, 111 S.Ct. 1919. And this Court has repeatedly held that the disparity between sentencing for cocaine base and cocaine powder does not violate equal protection. *See United States v. Alton*, 60 F.3d 1065, 1069–70 (3d Cir.1995); *United States v.*

*Frazier*, 981 F.2d 92, 95 (3d Cir.1992). Accordingly, there is no merit to Quiah's Fifth Amendment claim.

Though Quiah's constitutional challenge lacks merit, he also argues that the District Court should have applied the factors identified in 18 U.S.C. § 3553(a) to address the sentencing disparity between cocaine base and cocaine powder. This Court has "made clear that district courts [are] 'under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential,'" though a court would err if it failed to recognize that it could consider this differential as part of its consideration of the § 3553(a) factors. *United States v. Wise*, 515 F.3d 207, 222 (3d Cir.2008) (quoting *United States v. Gunter*, 462 F.3d 237, 249 (3d Cir.2006)). As Quiah did not raise the disparity during the sentencing hearing before the District Court, the issue is waived. *See United States v. King*, 518 F.3d 571 (8th Cir.2008) ("At no time prior to this appeal did King raise the issue of the disparity created by the 100:1 crack to powder cocaine quantity ratio. Nor did King ask the district court to consider the disparity in determining his sentence. Thus, King cannot argue on appeal the district court erred by failing to consider that factor."); *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir.2006) (stating that "a defendant cannot complain on appeal that [his] sentence should have been reduced based upon § 3553(a) factors that were never brought to the attention of the district court").

1. In his statement of facts, Quiah contends that his plea agreement contained a stipulation to an offense level of twenty-nine. Before this Court, however, Quiah has not argued that the District Court erroneously calculated his offense level of thirty-one or otherwise erred in the calculation of his Sentencing Guidelines range.

2. The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)

Next, Quiah asserts that the District Court did not adequately explain the chosen sentence. While he acknowledges that the District Court calculated the Guideline range, ruled on motions for departure, addressed the § 3553(a) factors, and acknowledged the advisory nature of the Guidelines, Quiah argues that the District Court failed to "sufficiently explain on the record or in the Judgment the exact Offense Level or the Criminal History Category" under which it sentenced Quiah. He further argues that this failure prevents meaningful appellate review. This argument is belied by the record, which is more than sufficient to enable our review. Despite arguments from Quiah's counsel that it should calculate the sentencing range based on an offense level of twenty-nine, the District Court rejected this argument and stated at least three times that it believed the appropriate offense level was thirty-one. Thus, because the District Court explained the Guidelines calculation and noted that it resulted in a sentencing range of 121–151 months, it is clear that the District Court imposed a below-Guidelines sentence of 120 months.

Finally, Quiah argues that his sentence is unreasonable because various § 3553(a) factors warranted a reduced sentence.[3] This Court reviews a district court's sentence for procedural and substantive reasonableness. *United States v. Levinson,* 543 F.3d 190, 195 (3d Cir.2008). In doing so, we apply the "abuse of discretion" standard. *Wise,* 515 F.3d at 217–18. Before this Court, Quiah recognized that he "received a sentence that is arguably consistent with a strict application of the Guidelines." This weighs in favor of his sentence's procedural and substantive reasonableness. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007) ("[W]hen a district judge's discretionary decision in a particular case accords with the sentence the United States Sentencing Commission deems appropriate 'in the mine run of cases,' the court of appeals may presume that the sentence is reasonable.").

In *United States v. Cooper,* 437 F.3d 324 (3d Cir.2006), this Court stated that "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit.'" *Id.* at 329 (citation omitted). Nonetheless, the "court need not discuss every argument made by a litigant," nor must it "discuss and make findings as to each of the § 3553(a) factors." *Id.* Applying a deferential standard of review, this Court instead looks to whether the § 3553(a) factors "were reasonably applied to the circumstances of the case" and whether "the district judge imposed the sentence . . . for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.* at 330.

■ Before the District Court, Quiah's counsel argued for a below-guideline sentence on the grounds that: (1) Quiah and the Government had agreed in a draft plea agreement to an offense level of twenty-nine; (2) Quiah cooperated with the Government; (3) Quiah faced harsh pre-sentence detainment conditions; and

---

**3.** Quiah also argues his sentence is unreasonable because "the District Court appeared to agree with the parties that a level 29 was appropriate." Because the sentencing range for an individual with an offense level of twenty-nine and criminal history category of II is 97–121 months, Quiah argues that his 120–month term of imprisonment is unreasonable because it does not reflect the District Court's "favorable reaction" to his § 3553(a) arguments. This argument fails for the reason stated above—the District Court clearly rejected Quiah's efforts to calculate his sentencing range on the basis of an offense level of twenty-nine.

(4) Quiah will face harsher confinement conditions, such as ineligibility for drug abuse programs, because of his status as an immigrant. The District Court sufficiently considered these issues. In fact, it discussed each one and concluded that, while the issues did not warrant a downward departure, they did "resonate with the Court in making a determination as to the [§ ] 3553 factors." The Court balanced these arguments, however, against the seriousness and dangerousness of the crimes charged and concluded that a 120–month term of imprisonment was appropriate. Because the Court considered each of the issues raised by Quiah, we believe that the District Court's imposition of a 120–month term of imprisonment was not procedurally unreasonable.

Furthermore, Quiah's term of imprisonment was not substantively unreasonable. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko,* 562 F.3d 558, 568 (3d Cir.2009) (en banc). The District Court concluded that a 120–month term of imprisonment was reasonable, and we agree.

For the reasons stated above, we will affirm the District Court's decision.