NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3321

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-216 |
| DARREN J. WILLIAMS, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

Darren Williams was convicted after a jury trial of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and sentenced to 120 months' imprisonment. Williams filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Williams to respond to counsel's submission, *see* CIR. R. 51(b), but he did not. Limiting our review to the issues considered in counsel's facially sufficient supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

Counsel first questions whether Williams might challenge his arrest on the ground that it was not supported by probable cause, but we agree with counsel that this argument

would be frivolous. Two Milwaukee Police Officers had arrested Williams after an encounter in front of a boarded-up building, where they approached to ask questions only to see him reach into his waistband, turn, and flee. Both police officers testified that during their pursuit of Williams, they each saw him draw a silver gun from his waistband and toss it to the ground. Police are allowed to investigate unprovoked flight, *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000); *United States v. Lawshea*, 461 F.3d 857, 859-60 (7th Cir. 2006), and once the officers saw the gun thrown, they had probable cause to make an arrest, *United States v. Sawyer*, 224 F.3d 675, 680-81 (7th Cir. 2000).

Counsel also considers whether Williams might challenge the sufficiency of the trial evidence. We would overturn a conviction for insufficient evidence only if, viewing the evidence in the light most favorable to the government, no rational jury could have found the essential elements of the charged crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Cannon*, 539 F.3d 601, 603 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2013 (2009). At trial the key issue was whether Williams possessed the gun (he conceded that he had a previous felony conviction and that the gun recovered by police had traveled in interstate commerce), but the jury heard testimony from two bystanders who saw Williams flee and from the police officers who saw Williams toss the gun away. Thus, we agree with counsel that any challenge based on the sufficiency of the evidence would be frivolous.

Next counsel considers whether Williams might challenge the district court's application at sentencing of an enhanced offense level based on two factual findings. Counsel first considers challenging the finding—set forth in the presentence report—that the firearm was stolen. But a challenge to the finding that the gun was stolen would be frivolous because Williams did not contest it at sentencing, and a district court may accept as true any assertion of fact in a presentence report that is not contested by the defendant. FED. R. CRIM. P. 32(i)(3)(A); *United States v. Soto-Piedra*, 525 F.3d 527, 529 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 261 (2008). Counsel next considers challenging the finding that the firearm was used in connection with another felony, namely, drug distribution. But a challenge to the firearm-in-connection enhancement would also be frivolous because the district court did not clearly err in concluding that Williams was armed while guarding drugs packaged for distribution and stored in a stolen car. The district court found Williams's explanation—that he only waited a few minutes in front of the car to return his friend's dropped car keys—"knowingly false" and contradicted by police officers' testimony that he been loitering in front of the car for 20 minutes. The court also found it incredible, considering Williams's extensive history of drug use and distribution, that he would be unaware of the packaged drugs in the car.

Finally, counsel considers whether Williams might challenge the reasonableness of his sentence.  Based on an adjusted offense level of 30 and criminal history category VI, Williams's guideline imprisonment range was 168 to 210 months.  But because his conviction carries a maximum imprisonment term of 120 months, the guidelines range defaults to 120 months.  *See* U.S.S.G. § 5G1.1(a); *United States v. Nurek*, 578 F.3d 618, 622 (7th Cir. 2009).  A sentence within a properly calculated guidelines range is presumed reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), and it "is hard to conceive of below-range sentences that would be unreasonably high," *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006) (quotation omitted).  At sentencing the judge considered the appropriate factors under 18 U.S.C. § 3553(a), as well as Williams's suggestion that a troubled childhood contributed to his criminal history and that he discovered religion while in prison awaiting sentencing. The district court acknowledged these arguments, but concluded that the seriousness of the crime, his criminal history, and his lack of responsibility for his children warranted a sentence at the statutory maximum.  Because the court meaningfully considered the § 3553(a) factors, any argument challenging Williams's sentence would be frivolous.  *See, e.g., United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.