In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-1613

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT A. HEARN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 06 CR 30040—**Jeanne E. Scott**, *Judge.*

ARGUED FEBRUARY 21, 2008—DECIDED JULY 18, 2008

PETITIONS FOR REHEARING DECIDED DECEMBER 5, 2008

Before FLAUM, RIPPLE and ROVNER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* This matter is before the court on
the petitions for rehearing of both parties. For the reasons
set forth in this opinion, we deny Mr. Hearn's petition and

grant the Government's petition. After reconsideration, the judgment of the district court is affirmed.

# I

## BACKGROUND

After a trial that included a substantial amount of "prior crimes and bad acts" evidence, Robert Hearn was convicted of possession with intent to distribute 11 grams of crack cocaine. He was sentenced as a career offender to 360 months' imprisonment. On appeal, Mr. Hearn objected to the admission of the evidence surrounding his prior conviction for crack cocaine distribution; he contended that it had been used to show his propensity to commit the crime rather than his intent to distribute. He also challenged his sentence; he contended that the 100:1 crack/powder cocaine ratio was unconstitutional.

In our original opinion, we concluded that the district court did not abuse its discretion in admitting, under Federal Rule of Evidence 404(b), the evidence about his prior conviction for crack cocaine distribution. Specifically, we noted that (1) Mr. Hearn himself had placed the issue of his intent to distribute squarely at issue; (2) the district court had correctly determined that the evidence was probative of his intent to distribute; (3) the district court had determined correctly that the evidence was not unduly prejudicial, particularly given that Mr. Hearn himself had moved to admit evidence of his status as a career offender in order to show his state of mind when speaking with Government agents and (4) the district court had given an

effective limiting instruction to the jury. With respect to his sentence, we determined that, because Mr. Hearn was sentenced (and his appellate briefs were filed) prior to the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and because his offense involved crack cocaine, a remand for resentencing in light of *Kimbrough* was required.

## II

## DISCUSSION

We shall address in turn the contentions in each of the petitions for rehearing.

## A.

Mr. Hearn's petition submits that we incorrectly attributed to Mr. Hearn the statement that "a heavy crack user could use up [11 grams] of cocaine base in a few days," Tr. at 374. In fact, Mr. Hearn did not make this statement; this testimony instead was elicited from the Government's witness on cross-examination by Mr. Hearn's counsel. Mr. Hearn testified only that 11 grams of crack cocaine was not a "substantial amount" of crack, Tr. at 445-46. Because he denied possession of the drugs, he did not testify himself regarding his intent to distribute.

Mr. Hearn is correct that our opinion attributes to him the opinion about the amount of crack that a heavy user could consume personally in a few days. However, this inaccuracy does not alter substantially our basic analysis.

Mr. Hearn's counsel elicited a statement from the Government's witness on cross-examination that the amount of crack in question was not necessarily indicative of an intent to distribute, and his counsel referred to that statement in his closing statements. Mr. Hearn himself alluded to the fact that the amount of drugs in question was insubstantial. Most importantly, Mr. Hearn's counsel questioned the Government's proof on the issue of intent on a number of occasions in his opening and closing statements. This line of defense places the defendant's intent squarely at issue.

Mr. Hearn contends that his counsel was entitled to question the Government's proof on the intent element during the trial—without being considered to have placed the issue of intent at issue himself—because the judge already had ruled on the evidence's admission prior to trial. The district court, however, had ruled on the issue in anticipation of Mr. Hearn's defense at trial, and Mr. Hearn gave no indication that he would not challenge the intent element. The district court also noted that Mr. Hearn already had filed a motion expressing his intent to introduce at trial proof of his sentencing exposure, which was based on his prior convictions, in order to show his state of mind when speaking with the Government in his proffer session. Noting the fact that evidence of these convictions already would be introduced by Mr. Hearn himself, the court concluded that additional evidence regarding his prior drug convictions would be probative and not unduly prejudicial. Furthermore, as we note in the opinion, it is not necessary for the defendant to have placed the question of his intent at issue himself in order for the district court to determine that such 404(b) evidence is admissible. *See* 534

F.3d at 712 (citing *United States v. Jones*, 455 F.3d 800, 808-09 (7th Cir. 2006) (collecting cases, and noting that evidence of prior convictions is *particularly* probative when the defendant places his intent at issue, but it is also relevant and probative when the defendant "flatly contests all elements of the charge")). The district court also gave a proper limiting instruction regarding the jury's use of the evidence. Therefore, the district court did not abuse its discretion in admitting the evidence in question, and Mr. Hearn's request for a rehearing must be denied.

### B.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court announced that the United States Sentencing Guidelines are merely advisory to the district courts. In *Rita v. United States*, 127 S. Ct. 2456 (2007), the Court made clear that a district court may depart from the Guidelines based on a policy disagreement with the Commission; that is, they may depart if they conclude that the Guidelines prescribe a sentence that fails to reflect Congress' purposes in creating the sentencing regime. *Id.* at 2465. Finally, in *Kimbrough*, the Court established that its holdings in *Booker* and *Rita* apply with full force to sentences for crack offenders sentenced under the "drug quantity" Guideline, U.S.S.G. § 2D1.1. *Kimbrough*, 128 S. Ct. at 564 ("We hold that, under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory."). In the wake of *Kimbrough*, we adopted the practice of remanding cases in which the

crack/powder disparity had been preserved for resentencing. *See United States v. Taylor*, 520 F.3d 746, 747-48 (7th Cir. 2008). In cases where the crack/powder disparity had not been preserved adequately, we permitted a limited remand in order to permit the district court to inform us whether it was inclined to resentence the defendant if the case were remanded. *Id*.

The Supreme Court has not had occasion to address whether *Kimbrough*'s holding applies to crack offenders sentenced under the career offender Guideline, U.S.S.G. § 4B1.1(b), and our own pronouncements on this question have been inconsistent. As the Government points out, in this case we remanded a sentence imposed under the career offender Guideline for resentencing in light of *Kimbrough*, 534 F.3d at 707. Our decision necessarily assumed, without explicitly deciding, that the holding of *Kimbrough* applied to sentences under the career offender Guideline. In other cases, decided shortly after our decision in this case, the court held explicitly that offenders sentenced under the career offender Guideline should not be accorded a *Kimbrough/Taylor* remand. *United States v. Harris*, 536 F.3d 798, 812-13 (7th Cir. 2008) (holding that sentences imposed under the career offender Guideline are not eligible for remand under *Kimbrough* and *Taylor* because a sentence under the career offender Guideline "raises no *Kimbrough* problem"). *See also United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008) (same).

The Government submits, and we agree, that the explicit holding of the court in *Harris* must govern on the general question of whether a defendant sentenced under the

career offender Guideline can receive a *Kimbrough/Taylor* remand. 536 F.3d at 812-13.

Resolution of this question does not end the matter, however. When a court sentences under the career offender Guideline, it has the right, of course, to determine that the resulting Guideline sentence is not appropriate and to elect to impose a lesser sentence that, in the judgment of the sentencing court, comports with the criteria of 18 U.S.C. § 3553. *Id*. at 813. When this assessment implicates the crack/powder cocaine issue, the resentencing court must, of course, be respectful of the *statutory* disparity between crack and powder cocaine. *See* 21 U.S.C. § 841(b) (setting the same statutory maximum and minimum for five kilograms of powder cocaine and fifty grams of crack cocaine). *See Harris*, 536 F.3d at 812-13. Nevertheless, even with this statutory constraint, there well may be instances when the 100:1 ratio of the Guidelines will have an effect on the individualized sentencing decision. For instance, a sentencing court may determine that, in a particular case, the applicable career offender *Guideline* range perpetuates, indirectly, the 100:1 Guideline ratio, or it may be evident that the sentencing court in arriving at an individual sentence under the career offender Guideline was influenced by the misapprehension that the 100:1 ratio was a "given" about which it could not disagree. In these cases, our decision in *United States v. Liddell*, 543 F.3d 877 (7th Cir. 2008), makes clear that the sentencing court is free to disagree with the 100:1 ratio in arriving at a final sentencing determination. 543 F.3d at 883-85.

However, Mr. Hearn cannot obtain a remand under this principle. He did not make this argument to us and,

therefore, we must assess its merits under the plain error doctrine. As we noted explicitly in *Liddell*, this "more nuanced argument based on *Kimbrough*," 543 F.3d at 883, could not be considered "plain" prior to the advent of *Liddell* since *Kimbrough* itself did not deal with the career offender context, and it previously was not clear that *Kimbrough* extended to this context.

## Conclusion

Accordingly, we deny the defendant's petition for rehearing, and we grant the Government's petition for rehearing. The judgment of the district court is affirmed.

AFFIRMED