**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Quadale D. COLEMAN, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**James V. Frazier, Defendant–Appellant.**

Nos. 07–3709, 07–3808.

United States Court of Appeals,
Seventh Circuit.

Submitted May 11, 2009.*

Decided Oct. 26, 2009.

---

* After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and records. *See* Fed. R.App. P. 34(a)(2).

Meredith P. Duchemin, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Quadale D. Coleman, Oxford, WI, pro se.

Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, A. Brian Threlkeld, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Before ILANA DIAMOND ROVNER, Circuit Judge DIANE P. WOOD, Circuit Judge DIANE S. SYKES, Circuit Judge.

### ORDER

We have consolidated for decision these two appeals because they raise the same issue: whether a defendant sentenced as a career offender is entitled to a limited remand under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *See United States v. Taylor,* 520 F.3d 746 (7th Cir.2008). Quadale Coleman pleaded guilty to possession of crack with intent to distribute, and James Frazier was convicted after a jury trial of distribution of crack and possession of crack with intent to distribute. *See* 21 U.S.C. 841(a)(1). Both defendants were sentenced as career offenders, *see* U.S.S.G. § 4B1.1(a); Coleman was sentenced to 225 months' imprisonment, and Frazier was sentenced to 360 months' imprisonment.

After both men were sentenced, the Supreme Court held in *Kimbrough* that district courts may conclude, even in a "mine-run case," that the crack-to-powder ratio underlying the base offense levels in U.S.S.G. § 2D1.1 would produce a sentence greater than necessary for the particular defendant. 128 S.Ct. at 575; *see United States v. Bruce,* 550 F.3d 668, 674 (7th Cir.2008). Defendants who were sentenced under § 2D1.1 before *Kimbrough* but did not object to the ratio in that guideline may be entitled to a limited remand for the district court to consider whether it would have imposed a lower sentence in light of *Kimbrough. See Taylor,* 520 F.3d at 747–48.

On appeal both Coleman and Frazier contend that their cases should be remanded in light of *Kimbrough* and *Taylor.* But we have conclusively held that a sentence imposed under § 4B1.1(a), the career-offender guideline, raises no *Kimbrough* problem, and thus a limited remand is not required. *See United States v. Welton,* 583 F.3d 494, 496–500 (7th Cir.2009); *United States v. Hearn,* 549 F.3d 680, 684 (7th Cir.2008); *United States v. Clanton,* 538 F.3d 652, 660 (7th Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2380, 173 L.Ed.2d 1300 (2009); *United States v. Harris,* 536 F.3d 798, 812–13 (7th Cir. 2008). To the extent the crack/powder differential carries over into sentencing for career offenders, it is because of the statutory penalties and not, as in *Kimbrough,* the application of § 2D1.1. *See Welton,* 583 F.3d at 496–97; *United States v. Millbrook,* 553 F.3d 1057,1067 (7th Cir.2009); *Hearn,* 549 F.3d at 684; *Clanton,* 538 F.3d at 660; *Harris,* 536 F.3d at 812–13. Thus, Coleman and Frazier's sole argument on appeal is foreclosed, and we AFFIRM the judgment in both cases.