NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided October 26, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3709

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

　　　*v.*

QUADALE D. COLEMAN,
　　*Defendant-Appellant.*

Appeal from the United States District
Court for the Western District of Wisconsin.

No. 07 CR 80

John C. Shabaz,
*Judge*.

No. 07-3808

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

　　　*v.*

JAMES V. FRAZIER,
　　*Defendant-Appellant.*

Appeal from the United States District
Court for the Western District of Wisconsin.

No. 06 CR 221

Barbara B. Crabb,
*Chief Judge*.

---

[*]After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

We have consolidated for decision these two appeals because they raise the same issue: whether a defendant sentenced as a career offender is entitled to a limited remand under *United States v. Kimbrough*, 128 S. Ct. 558 (2007). *See United States v. Taylor*, 520 F.3d 746 (7th Cir. 2008). Quadale Coleman pleaded guilty to possession of crack with intent to distribute, and James Frazier was convicted after a jury trial of distribution of crack and possession of crack with intent to distribute. *See* 21 U.S.C. 841(a)(1). Both defendants were sentenced as career offenders, *see* U.S.S.G. § 4B1.1(a); Coleman was sentenced to 225 months' imprisonment, and Frazier was sentenced to 360 months' imprisonment.

After both men were sentenced, the Supreme Court held in *Kimbrough* that district courts may conclude, even in a "mine-run case," that the crack-to-powder ratio underlying the base offense levels in U.S.S.G. § 2D1.1 would produce a sentence greater than necessary for the particular defendant. 128 S. Ct. at 575; *see United States v. Bruce*, 550 F.3d 668, 674 (7th Cir. 2008). Defendants who were sentenced under § 2D1.1 before *Kimbrough* but did not object to the ratio in that guideline may be entitled to a limited remand for the district court to consider whether it would have imposed a lower sentence in light of *Kimbrough*. *See Taylor*, 520 F.3d at 747-48.

On appeal both Coleman and Frazier contend that their cases should be remanded in light of *Kimbrough* and *Taylor*. But we have conclusively held that a sentence imposed under § 4B1.1(a), the career-offender guideline, raises no *Kimbrough* problem, and thus a limited remand is not required. *See United States v. Welton*, No. 08-3799, 2009 WL 3151162, at *2-5 (7th Cir. Oct. 2, 2009); *United States v. Hearn*, 549 F.3d 680, 684 (7th Cir. 2008); *United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2380 (2009); *United States v. Harris*, 536 F.3d 798, 812-13 (7th Cir. 2008). To the extent the crack/powder differential carries over into sentencing for career offenders, it is because of the statutory penalties and not, as in *Kimbrough*, the application of § 2D1.1. *See Welton*, 2009 WL 3151162, at *2; *United States v. Millbrook*, 553 F.3d 1057, 1067 (7th Cir. 2009); *Hearn*, 549 F.3d at 684; *Clanton*, 538 F.3d at 660; *Harris*, 536 F.3d at 812-13. Thus, Coleman and Frazier's sole argument on appeal is foreclosed, and we AFFIRM the judgment in both cases.