ORDER
We have consolidated for decision these two appeals because they raise the same issue: whether a defendant sentenced as a career offender is entitled to a limited remand under Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). See United States v. Taylor, 520 F.3d 746 (7th Cir.2008). Quadale Coleman pleaded guilty to possession of crack with intent to distribute, and James Frazier was convicted after a jury trial of distribution of crack and possession of crack with intent to distribute. See 21 U.S.C. 841(a)(1). Both defendants were sentenced as career offenders, see U.S.S.G. § 4B1.1(a); Coleman was sentenced to 225 months’ imprisonment, and Frazier was sentenced to 360 months’ imprisonment.
After both men were sentenced, the Supreme Court held in Kimbrough that district courts may conclude, even in a “mine-run case,” that the crack-to-powder ratio underlying the base offense levels in U.S.S.G. § 2D1.1 would produce a sentence greater than necessary for the particular defendant. 128 S.Ct. at 575; see United States v. Bruce, 550 F.3d 668, 674 (7th Cir.2008). Defendants who were sentenced under § 2D1.1 before Kimbrough but did not object to the ratio in that guideline may be entitled to a limited remand for the district court to consider whether it would have imposed a lower sentence in light of Kimbrough. See Taylor, 520 F.3d at 747-48.
On appeal both Coleman and Frazier contend that their cases should be remanded in light of Kimbrough and Taylor. But we have conclusively held that a sentence imposed under § 4B1.1(a), the career-offender guideline, raises no Kimbrough problem, and thus a limited remand is not required. See United States v. Welton, 583 F.3d 494, 496-500 (7th Cir.2009); United States v. Hearn, 549 F.3d 680, 684 (7th Cir.2008); United States v. Clanton, 538 F.3d 652, 660 (7th Cir.2008), cert. denied, — U.S. —, 129 S.Ct. 2380, 173 L.Ed.2d 1300 (2009); United States v. Harris, 536 F.3d 798, 812-13 (7th Cir.2008). To the extent the crack/powder differential carries over into sentencing for career offenders, it is because of the statutory penalties and not, as in Kimbrough, the application of § 2D1.1. See Welton, 583 F.3d at 496-97; United States v. Millbrook, 553 F.3d 1057,1067 (7th Cir.2009); Hearn, 549 F.3d at 684; Clanton, 538 F.3d at 660; Harris, 536 F.3d at 812-13. Thus, Coleman and Frazier’s sole argument on appeal is foreclosed, and we AFFIRM the judgment in both cases.