NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010[*]
Decided February 24, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2793

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-007-S-01 |
| DIAUNTE SHIELDS, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Diaunte Shields pleaded guilty to possession with intent to distribute crack cocaine. See 21 U.S.C. § 841(a)(1). Two prior drug convictions, both felonies, qualified him as a career offender under U.S.S.G. § 4B1.1(a). And because his new crime involved 50 or more grams of crack and thus carried a possible life sentence, 21 U.S.C. § 841(b)(1)(A)(iii),

---

[*]We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(f).

application of the career-offender guideline meant an offense level of 37, or 34 after a three-level reduction for acceptance of responsibility. See U.S.S.G. §§ 3E1.1(a)-(b), 4B1.1(b). That offense level, coupled with the criminal history category of VI mandated by the career-offender guideline, yielded an imprisonment range of 262 to 327 months. See U.S.S.G. § 4B1.1(b), Ch. 5 Pt. A. At sentencing the district court acknowledged that applying the career-offender guideline "significantly increased" Shields's imprisonment range. But the court concluded that a sentence in the middle of that range, 290 months' imprisonment, was needed to achieve parity with similarly situated offenders and deter him from committing further crimes. See 18 U.S.C. § 3553(a).

Shields's sole argument on appeal is that the sentencing court possessed—and should have exercised—discretion to reject the differences in imprisonment ranges for offenders involved with crack versus those involved with like amounts of powder cocaine. He relies principally on *Kimbrough v. United States*, 552 U.S. 85 (2007), which holds that a sentencing judge may conclude, even in a "mine-run case," that the crack-to-powder ratio underlying the base offense levels in U.S.S.G. § 2D1.1 would produce a sentence greater than necessary for that particular defendant. *Id*. at 109-10; see *United States v. Bruce*, 550 F.3d 668, 674 (7th Cir. 2008). Shields reasons that the same principle applies to him because the statutory penalty in § 841(b)(1) that determined his career-offender range also draws what he views as an unwarranted distinction between crack and powder cocaine.

Yet Shields did not ask the district court to impose a below-range sentence on the basis of a perceived disparity in the career-offender imprisonment ranges for purveyors of crack and powder. In general, a district court cannot be faulted for not anticipating arguments that a defendant might have made but did not make in favor of a lower sentence, *United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and even plain-error review would not benefit Shields, see *United States v. Hearn*, 549 F.3d 680, 684 (7th Cir. 2008). Because Shields never asked the district court to exercise any purported discretion to disagree with the career-offender guideline, he would not be entitled to a remand even if the district court did possess such discretion.

AFFIRMED.