NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2015*
Decided June 29, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2042

| | |
|---|---|
| DIAUNTE SHIELDS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 3:11-cv-00327 |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee.* | William M. Conley, |
| | *Chief Judge.* |

**O R D E R**

Diaunte Shields pleaded guilty in the United States District Court for the Western District of Wisconsin on May 11, 2007, to one count of possession with intent to deliver 50 grams or more of cocaine base ("crack cocaine"). On July 25, Shields was

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and record. See FED. R. APP. P. 34(a)(2). Because we have concluded that this appeal is successive to Shields's 2010 appeal, 365 F. App'x 691, it has been submitted to the original panel pursuant to Internal Operating Procedure 6(b).

sentenced to 290 months' imprisonment as a career offender under the United States Sentencing Guidelines section 4B1.1. We affirmed his sentence on direct appeal. *United States v. Shields*, 365 F. App'x 691 (7th Cir. 2010) (nonprecedential disposition).

Shields now brings a collateral proceeding under 28 U.S.C. § 2255. His lawyer, whom we recruited to assist him, raises the argument that Shields's sentence violates the cruel and unusual punishment clause of the Eighth Amendment, because the enactment of the Fair Sentencing Act of 2010, which lowers for sentencing purposes the ratio between the crack and powder forms of cocaine from 100-1 to 18-1 reveals that pre-Act sentences are needlessly high. Shields himself, while acting *pro se*, contended in his motion under 28 U.S.C. § 2255 that his trial counsel rendered ineffective assistance for purposes of the Sixth Amendment, insofar as counsel refused his request to attack the disparity in recommended Guidelines sentences between crack and powder cocaine.

The Eighth Amendment argument that counsel presses is incompatible with many decisions in this circuit, issued both before and after 2010. We have consistently held that sentences imposed under the pre-2010 law satisfy the Constitution, and that the 2010 Act is not fully retroactive. See, *e.g.*, *United States v. Robinson*, 697 F.3d 443 (7th Cir. 2012); *United States v. Speed*, 656 F.3d 714, 7179-20 (7th Cir. 2011); *United States v. Strahan*, 565 F.3d 1047, 1052-53 (7th Cir. 2009). Both *Speed* and *Strahan* sustained life sentences and thus necessarily imply the constitutional validity of Shields's 290-month sentence. See also, *e.g.*, *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc). No circuit has accepted an argument along the lines of the one Shield presents. Indeed, his argument cannot be reconciled with *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which held that the Fair Sentencing Act applied retroactively only to those who were sentenced on or after its effective date (August 3, 2010), not to those who were sentenced before then. 132 S. Ct. at 2335–36.

Shields's ineffectiveness-of-counsel argument is more difficult to resolve. That is because, although Shields himself raised it in his motion, his counsel (after recognizing that Shields had done so) abandoned the point in his brief on Shields's behalf in this court. Had counsel never been appointed, it would have been easy to say that Shields adequately preserved this point. In his *pro se* motion under § 2255, he wrote: "This movant made it perfectly clear to trial counsel … that I would have liked for him to disagee [sic] with the 100-to-1 Sentencing Guideline disparity for cocaine base and powder cocaine. [Trial counsel] refused and stated that he would not because the argument was frivolous being that the district judges had no power to entertain such an argument." Shields explains that he renewed his request, and then told his attorney he

would bring up the argument himself, but after trial counsel told him such a request would "piss [the trial judge] off" he dropped the issue. On direct appeal, as Shields points out, this Court affirmed the sentence in part because Shields did not raise the crack/cocaine disparity at sentencing.

Shields had raised the argument on direct appeal under the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), which was decided months after his sentencing. *Kimbrough* held that a judge may consider the crack/cocaine disparity in sentencing and impose a lower-than-Guidelines sentence for no better reason than simple disagreement. The Supreme Court had granted certiorari in *Kimbrough* on June 11, 2007, more than a month before Shields's sentencing hearing. Shields states that the conversation he had with his attorney took place around the end of April or the beginning of May. It is possible that his trial counsel was not yet aware of *Kimbrough* when he informed Shields that an objection to the crack/cocaine disparity was frivolous. But counsel should have known about *Kimbrough* by the time of the actual hearing, Shields contends, and could have objected at the hearing on the record in order to preserve the *Kimbrough* argument for appeal. Because Shields had explicitly requested that his attorney make a crack/cocaine disparity objection, we find it particularly troubling that his Federal Defender did not preserve the argument, against the backdrop of the Supreme Court's grant of certiorari in a high-profile case with such clear relevance to Shields's situation. See *Government of Virgin Islands v. Forte*, 865 F.2d 59, 62-63 (3d Cir. 1989) (reversing denial of a § 2255 petition claiming ineffective assistance of counsel where the defendant had asked his attorney to make a *Batson*-type argument and counsel refused although the Supreme Court had granted certiorari in *Batson v. Kentucky*, 476 U.S. 79 (1986)).

After *Kimbrough*, this court's related decisions took some twists and turns. First, we ordered remands in cases in which the crack/cocaine disparity objection was preserved, and we used limited remands where it was not and the court's decision did not reveal whether it had been considered. *United States v. Taylor*, 520 F.3d 746 (7th Cir. 2008). Then we held that sentencing under the career-offender guideline did not implicate *Kimbrough*, and we indicated that the plain error doctrine would preclude considering an unpreserved *Kimbrough* argument in career-offender cases. *United States v. Hearn*, 549 F.3d 680 (7th Cir. 2008). We reversed course in the latter group of cases just one month after Shields's direct appeal, concluding in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), that *Kimbrough* does apply to a career-offender guideline calculation involving the disparity between the two forms of cocaine.

If Shields's trial counsel was indeed ineffective for failing to object to the crack/cocaine sentencing disparity as applied to Shields through § 4B1.1, the district court would be entitled to consider Shields's underlying *Kimbrough* argument for resentencing in light of the court's discretion to factor in the disparity. But there is a complication that we must address: the question whether the failure of Shields's recruited counsel to raise this point amounts to a waiver or forfeiture on Shields's behalf. We think that, at most, counsel's decision should be considered a forfeiture rather than a waiver, because counsel never indicates that he has consciously deleted this argument on appeal—the point just disappears. We may overlook such a forfeiture in the interests of justice. Had we left Shields to his own devices, we have no doubt that he would have pressed his ineffective-assistance contention before this court, as he has done throughout. There are some situations, admittedly different from this one, in which we routinely look at both counsel's submissions and the defendant's submissions to see if there is any issue of merit for an appeal. See Cir. Rule 51(b), addressing motions to withdraw pursuant to *Anders v. California*, 388 U.S. 924 (1967). Given the clarity and persistence of Shields's efforts to preserve this point, we will excuse counsel's forfeiture and consider it.

The final problem is that we do not have enough information in the record to determine whether trial counsel performed deficiently. We do not know, for example, whether the district court credited Shields's claims regarding his conversations with trial counsel. Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings to develop the record relating to Shields's ineffective assistance claim.